UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO YBARRA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV1415 DJS |
| ) | |
| STEVE LARKINS,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Mario Ybarra's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed September 25, 2006/Docket No. 1).

On January 6, 2004, Petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of sexual assault, and two counts of the class A felony of child molestation in the first degree and sentenced by the Court to two concurrent life sentences. (Resp. Exh. A at 14-16). Petitioner did not file a direct appeal of the judgment. (Petition at 2, Docket No. 1). On June 9, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. (Resp. Exh. A at 31-36). On November 12, 2004, Petitioner's appointed counsel filed an Amended Motion. (Resp. Exh. A at 43-56). The post-conviction relief court denied Petitioner's post-conviction motion on December 2, 2004. (Resp. Exh. A at 58-65). On March 14, 2006, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief finding Petitioner was not denied effective assistance of counsel or his right to conflict-free counsel. (Ybarra v. State, 196

---

[1]Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. Inasmuch as Steve Larkins, the Superintendent of Eastern Reception, Diagnostic and Correctional Center, is Petitioner's custodian, Steve Larkins should be substituted for James Purkett as the proper party respondent in this cause. 28 U.S.C. §2254(a).

S.W.3d 533 (Mo. Ct. App. 2006); Resp. Exh. D). On March 21, 2006, Petitioner filed a Motion for Rehearing or, in the Alternative, Application for Transfer. (Resp. Exh. E). On May 9, 2006, Petitioner filed an Application for Transfer in the Supreme Court of Missouri. (Resp. Exh. F). The Missouri Supreme Court denied the Application for Transfer on August 22, 2006 and issued the mandate of September 8, 2006. (Resp. Exhs. H and I). The instant petition for writ of habeas corpus, signed by Petitioner on September 21, 2006, was filed in this Court on September 25, 2006, upon its receipt.

Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises one ground for relief contending that he was denied effective assistance of counsel. In particular, Petitioner argues that trial counsel had an inherent conflict of interest and he was thereby prejudiced in that counsel coerced him into making an non-intelligent and invalid waiver of sentencing by the jury and post-conviction remedies. In response, Respondent contends that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present these claims.

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 125 S.Ct. 1432, 1438 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

As an initial matter, the undersigned notes that the Missouri Court of Appeals summarized the facts regarding the issue on appeal as follows:

> Following a jury trial in the Circuit Court of St. Louis County, the movant was found guilty of two counts of first-degree child molestation in violation of section 566.067 RSMo. (2000). Rather than undergo sentencing by the jury and risk imprisonment for two consecutive life terms, the movant entered an agreement with the State to allow the judge to sentence him to imprisonment for two concurrent life terms. As part of the bargain, the movant agreed to: (1) waive sentencing by the jury; (2) have the trial court sentence him to imprisonment for two concurrent life terms; (3) waive his right to appeal his convictions; and (4) waive his right to seek post-conviction relief. The movant subsequently filed a motion for post-conviction relief pursuant to Rule 29.15 and alleged ineffective assistance of counsel. The motion court denied the movant's motion without an evidentiary hearing.
>
> On appeal, the movant alleges the motion court erred in denying his motion for post-conviction relief without a hearing. He contends trial counsel was ineffective for having an inherent conflict of interest, and this conflict prejudiced him in that counsel led him to make an unintelligent, unknowing, and invalid waiver of post-conviction remedies.

(Resp. Exh. D at 2). In the sole ground for relief, Petitioner contends that he was denied effective

assistance of counsel in that trial counsel had an inherent conflict of interest and he was thereby prejudiced in that counsel coerced him into making an unintelligent and invalid waiver of sentencing by the jury and post-conviction remedies.

At the outset, the Court will address Petitioner's contention regarding a conflict of interest between himself and counsel. Petitioner correctly points out that his Sixth Amendment right to effective assistance of counsel includes the right to conflict-free representation. Cuyler v. Sullivan, 446 U.S. 335, 345 (1980). "The threshold fact Cuyler requires a defendant to establish, in order to prevail on a claim of ineffective assistance of counsel due to a conflict of interest, is an actual conflict of interest, not merely a potential one." Dawan v. Lockhart, 31 F.3d 718, 721 (8th Cir. 1994).

Petitioner argues that trial counsel coerced him into waiving his rights to appellate review and post-conviction relief inasmuch as counsel wanted to avoid a finding of ineffective assistance of counsel, protect his reputation, and avoid civil liability for legal malpractice. Petitioner argues that since counsel fulfilled the role of both trial counsel and counsel in securing his waver of post-conviction rights, a conflict of interest existed in violation of Cuyler. Petitioner's conflict of interest argument fails. In limited circumstances such as where a defendant can show that "an actual conflict of interest adversely affected his lawyer's performance," prejudice is presumed rather than requiring an affirmative showing by the defendant. Cuyler, 446 U.S. at 348; Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). The Cuyler rule presuming prejudice has not been extended by the Supreme Court beyond cases in which an attorney has represented more than one defendant. Mickens v. Taylor, 535 U.S. 162, 174-75 (2002).[2] Because the alleged conflict did not involve

---

[2]The Eighth Circuit in Covey v. United States, 377 F.3d 903, 907 (8th Cir. 2004) opined how the Supreme Court in Mickens noted "that some circuits have 'unblinkingly' applied Cuyler 'to all kinds of alleged attorney ethical conflicts.'" Covey, 377 F.3d at 907. Deciding not to

counsel's representation of multiple defendants, the automatic reversal rule as construed in Mickens does not apply. Mickens v. Taylor, 535 U.S. 162, 168 (2002) (limiting the automatic reversal rule to cases "where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict."). Mickens requires that the defendant show that "a conflict of interest actually affected the adequacy of [counsel's] performance," rather than Strickland prejudice in cases involving a failure to inquire into other types of potential conflicts. Id. at 170-71 & nn. 3, 4 (quoting Cuyler, 446 U.S. at 349-50). The Eighth Circuit has never determined whether the Cuyler rule should be applied to other cases. See Covey, 377 F.3d at 907. This Court will not decide here whether the Cuyler rule extends to cases beyond those involving joint representation, for Petitioner's claim fails under either that rule or the traditional Strickland test.[3]

Under Cuyler a defendant is required to show an actual conflict of interest that adversely affected his defense. Cuyler, 446 U.S. at 348. To be successful Petitioner would have to identify an actual and demonstrable adverse effect, "not merely an abstract or theoretical one." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996). To establish that there was a conflict in representation, Petitioner must show "that the conflict caused the attorney's choice" to engage or not engage in particular conduct. Covey, 377 F.3d at 908. Such a showing requires that Petitioner "identify a plausible alternative defense strategy or tactic that defense counsel might have pursued,' show that

---

determine whether to limit application of Cuyler to conflicts involving multiple or serial representation, the Eighth Circuit determined that under either rule, Cuyler or Strickland, the petitioner's ineffective-assistance-of-counsel claim failed. Id.

[3]In Brown v. United States, 2008 WL 2483150 (E.D. Mo. June 17, 2008), the Honorable E. Richard Webber, found that the per se prejudice rule articulated in Cuyler to be inapplicable inasmuch as the petitioner could not show multiple representation, that he and his coconspirator were represented by the same attorney, or even the same law firm. Accordingly, Judge Webber analyzed the ineffective assistance of counsel claim under the Strickland standard.

the alternative strategy was objectively reasonable under the facts of the case," and "establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Covey, 377 F.3d at 908 (citing Mickens v. Taylor, 240 F.3d 348, 361 (4th Cir. 2001) (en banc), *aff'd* 535 U.S. 162.

Although Petitioner complains about his counsel's conduct in entering the sentencing agreement, he has not offered any reasonable alternative that counsel should have pursued. Indeed, if counsel had not entered the sentencing agreement, Petitioner could have been sentenced to consecutive rather than current sentences. The alleged conflict of interest did not adversely affect the voluntary nature of the sentencing agreement. Petitioner's contention that he did not understand the waiver of his rights is refuted by the transcript record of the Circuit Court of the County of St. Louis. See Resp. Exh. A at 18-26. After questioning regarding his understanding of the sentencing agreement and the rights he was waiving, Petitioner confirmed that he was waiving his rights to jury sentencing, appeal and post-conviction relief in open Court and on the record. Id. Moreover, even assuming *arguendo* that entering the sentencing agreement prejudiced him, Petitioner has failed to show that such decision linked in any way to the alleged conflict. Accordingly, Petitioner's claim fails on the merits.

Petitioner raised this claim of ineffective assistance of counsel on appeal of his post-conviction relief. (Resp. Exh. B). The Missouri Court of Appeals denied Petitioner's claim finding that counsel was not ineffective for having an inherent conflict of interest and thereby prejudicing him in that counsel coerced him into making an unintelligent and invalid waiver of post-conviction remedies. (Resp. Exh. D at 4-7). In relevant part, the Missouri Court of Appeals opined as follows:

> This Court's review of a motion court's findings of fact and conclusions of

law in denying a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 29.15(k); Moss v. State, 10 S.W.3d 508, 511 (Mo. banc 2000); Daugherty v. State, 159 S.W.3d 405, 407 (Mo. App. E.D. 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. Moss, 10 S.W.3d at 511; Daugherty, 159 S.W.3d at 407. When reviewing a motion court's ruling, we presume the motion court's findings are correct. Daugherty, 159 S.W.3d at 407.

The movant alleges that trial counsel was ineffective and pressured him into making an unintelligent, unknowing, and invalid waiver of his rights to appellate review and post-conviction relief. He argues trial counsel was ineffective because of trial counsel's inherent conflict of interest in serving both as trial counsel and counsel in securing the movant's waiver of post-conviction relief. The movant contends that because of this inherent conflict of interest, trial counsel pressured him to accept the sentencing agreement and that counsel did not explain the terms of the agreement or its consequences. As a result, the movant argues, he was led into making an unintelligent, unknowing, and invalid waiver of his rights to appellate review and post-conviction relief.[4]

A successful claim of ineffective assistance of counsel entails a two-part showing. Williams v. State, 8 S.W.3d 217, 219 (Mo, App. E.D. 1999). First, a movant must demonstrate that counsel's performance was deficient - that is, counsel did not function as the "counsel" guaranteed by the Sixth Amendment. Id., *citing* Strickland v. Washington, 466 U.S. 668, 687 (1984). This requires a showing that counsel failed to exercise the customary skill and diligence a reasonably competent attorney would exercise under similar circumstances. Id. Second, a movant must show counsel's deficient performance prejudiced the defense. Id., *citing* Strickland, 466 U.S. at 687. This requires a movant to show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id., *citing* Strickland, 466 U.S. at 694. The determining factor in evaluating ineffectiveness is whether counsel's conduct so undermined the trial's proper functioning and the adversarial process that the verdict cannot be held reliable. Strickland, 466 U.S. at 687. Counsel's performance will not be deemed ineffective under the Sixth Amendment unless a movant satisfies both prongs of the *Strickland* test. Williams, 8 S.W.3d at 219, *citing Strickland*, 466 U.S. at 687.

---

[4]The movant never explains how trial counsel's alleged conflict of interest existed as to the waiver of the movant's appeal rights. It is well-settled that there is no conflict of interest where trial counsel secures a benefit for a defendant, such as through negotiation of a plea agreement, and in exchange the defendant waives the right to appeal.

- 7 -

The motion court in this case denied the movant's claim without an evidentiary hearing. To receive an evidentiary hearing on a Rule 29.15 motion, a movant must meet three requirements: (1) the motion must allege facts, not conclusions, which warrant relief; (2) the facts must raise matters not conclusively refuted by the case files and records; and (3) the matters complained of must have prejudiced the movant. Ringo v. State, 120 S.W.3d 743, 745 (Mo. banc 2003). Absent any one of these three requirements, no evidentiary hearing is necessary. Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998).

The movant claims he received ineffective assistance of counsel because of trial counsel's conflict of interest - a conflict that existed by virtue of counsel's role as both trial counsel and counsel in securing the movant's waiver of his post-conviction rights. The movant claims counsel wanted to avoid a finding of ineffective assistance of counsel, protect his reputation, and avoid civil liability for legal malpractice. Thus, the movant claims, trial counsel pressured him into accepting the sentencing agreement and failed to explain the agreement's consequences.[5]

However, even if we were to assume that counsel had either a potential or an actual conflict of interest, the movant's claim for post-conviction relief would still fail. This is because, even if the movant's waiver of his post-conviction rights was invalid, the movant has completely failed to posit any ineffective assistance of trial counsel occurring prior to the sentencing agreement and waiver. Thus, the movant fails to meet the threshold requirements for securing an evidentiary hearing because he fails to plead facts, not conclusions, which warrant relief and because he fails to raise matters not conclusively refuted by the files and records of the case.

The movant does not plead any facts that indicate how, or in what respect, trial counsel was ineffective preceding the sentencing agreement and waiver. The movant merely makes the conclusory statement that counsel wished to avoid a finding of ineffectiveness, protect his reputation, and avoid civil liability for legal malpractice. Further, at sentencing, the movant assured the court of his satisfaction with trial counsel's performance. The movant confirmed that counsel called a defense witness, that he had sufficient time to discuss the case with counsel before trial and could confer with counsel during trial, and that counsel did the things the movant asked him to do. The court inquired:

---

[5]The movant's contention that he did not understand the waiver of his rights is refuted by the record. We have examined the transcript, and it is clear that the movant understood the sentencing agreement and the rights he was waiving. In response to the court's specific inquiries, the movant confirmed that he waived his rights to jury sentencing, appeal, and post-conviction relief, that he understood he was waiving those rights, and that he wished to do so of his own free will.

> The Court: Okay. Are you satisfied with these services you have received from [trial counsel] whether or not you're satisfied with the outcome in this case?
>
> The Movant: Yes, sir.
>
> Because the movant has failed to allege facts warranting relief, he was not entitled to a hearing on his Rule 29.15 motion. Thus, the motion court did not err, clearly or otherwise. Judgment affirmed.

(Resp. Exh. D at 4-7).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous

or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that in order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The crucial issue is whether the petitioner suffered material prejudice due to counsel's alleged deficient performance. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). In order to show prejudice, Petitioner must establish that there is reasonable probability that but for trial counsel's unprofessional errors, the result of Petitioner's trial would have been different. Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In evaluating the probability of a different result, the court must consider the totality of the evidence. Id., 466 U.S. at 695. Rather than second-guessing counsel's actions with the benefit of hindsight, the reviewing court must examine counsel's decisions with a high degree of deference. Id., 466 U.S. at 689; White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (the court "must resist the temptation to use hindsight to require that counsel's performance have been perfect. Only reasonable competence, the sort expected of the 'ordinary fallible lawyer' ... is demanded by the Sixth Amendment") (internal citation omitted). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). Furthermore, even if Petitioner show counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. Petitioner must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him his right to a fair trial. Id. Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the "strong presumption" that the challenged action might be considered sound trial strategy. Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." Id. In deciding a claim of ineffective assistance of counsel, the court must examine the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and then "determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 691. In order to satisfy the prejudice prong, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

In addressing the claim, the Court of Appeals determined Petitioner not to have shown a reasonable probability of a different result if trial counsel had not recommended executing the sentencing agreement thereby waiving his right to seek appellate and postconviction relief. Indeed, the court found that Petitioner does not set forth any facts that indicate how, or in what respect, counsel was ineffective prior to the sentencing agreement and waiver and, on the record, Petitioner acknowledged that he was satisfied with the services of his counsel. For the following reasons, this

decision was neither contrary to, nor involved an unreasonable application of clearly established federal law, and Petitioner's claim will be denied.

In the instant claim of ineffective assistance of counsel, Petitioner specifically contends that he received ineffective assistance of trial counsel in that counsel had an inherent conflict of interest in serving both as trial counsel and counsel in securing his waiver of post-conviction relief. In addressing the claim, the Missouri Court of Appeals determined that the record refutes Petitioner's contention that the trial counsel failed to explain the sentencing agreement's consequences and that he did not understand the rights he was waiving.[6] These findings are fairly supported by the record

---

[6]The Missouri Court of Appeals noted how after examining the transcript, the record was clear that Claimant understood the sentencing agreement and the rights he was waiving. (Resp. Exh. D at 6). Indeed, the following exchange occurred in open court after defense counsel and Petitioner reached the agreement regarding sentencing:

| | |
|---|---|
| Counsel: | Yes, your honor. And maybe to make the record clear, I have had consultations with my client. I have explained to him that at this point he would have the right to have the jury now hear evidence and make a determination as to the appropriate sentence that would be imposed in this case. I've explained to him that the range of punishment is from ten to thirty years or life of life imprisonment on each count and that those sentences -- and that the Court has previously instructed him could be run concurrent or consecutive, meaning one after the other, to each other. Consequently Mr. Ybarra and I have had consultations that he would be willing to waive the jury sentencing portion of this trial and to have the Court sentence the defendant, with the agreement that we have made with the State of Missouri is that the Court would impose a sentence of life imprisonment on both Count 1 and Count 2 that both of those sentences would be run concurrent to each other and furthermore as a result of these negotiations Mr. Ybarra is agreeing that he would waive any and all rights to any filing of an appeal in this case and likewise his rights concerning any postconviction relief motions that may be available to him. He would be waiving those as well, knowing that the Court would be sentencing him to concurrent as opposed to consecutive time in this cause. |
| The Court: | Ms. Clarkin, is that your understanding of the agreement? |
| Prosecutor: | This is the understanding of the agreement as long as he understands everything he's giving up, your Honor. |
| The Court: | Okay. Sir, you've heard Mr. Krehmeyer go on the record regarding the |

and this Court finds no basis for departing from that analysis.

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion

---

|  |  |
|---|---|
|  | fact that you're going to waive your right to jury sentencing; is that correct? |
| Petitioner: | Yes, sir. |
| The Court: | Likewise, you've heard you're going to waive your right to appeal in this case; is that correct? |
| Petitioner: | Yes, sir. |
| The Court: | And, likewise, you're going to waive any rights you have to postconviction relief; is that correct? |
| Petitioner: | Yes, sir. |
| The Court: | And in exchange for that you will be sentenced to concurrent life sentences; is that correct? |
| Petitioner: | Yes, sir. |
| The Court: | Okay. Is that your understanding? |
| Petitioner: | Uh-huh. |
| The Court: | And -- |
| Petitioner: | Yes, sir. |
| The Court: | And you freely want to do this of your own free will; is that correct? |
| Petitioner: | Yes, sir. |

(Resp. Exh. A at 18-20).

on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

In the instant cause, the Court of Appeals articulated the Strickland standard of review (Resp. Exh. D at 5) and found Petitioner has not "plead any facts that indicate how, or in what respect, trial counsel was ineffective preceding the sentencing agreement and waiver." Further, at sentencing Petitioner assured the trial court of his satisfaction with counsel's performance. Such determination was not contrary to, nor involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claims "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

**IT IS HEREBY ORDERED** that the petition of Mario Ybarra for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed.

Dated this   29th   day of September, 2009.

                                                  /s/ Donald J. Stohr
                                                 UNITED STATES DISTRICT JUDGE